IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANGELA LARA,                          §
TDCJ-CID NO. 1582486,                 §
            Petitioner,               §
v.                                    §          CIVIL ACTION NO. H-12-1037
                                      §
RICK THALER,                          §
            Respondent.               §

OPINION ON DISMISSAL

Petitioner Angela Lara, an inmate incarcerated in the Texas Department of
Criminal Justice – Correctional Institutions Division ('TDCJ-CID'), has filed, through counsel, a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her aggravated
assault conviction, for which she received a fifty-year sentence.   (Docket Entry No.1).
Respondent has filed a motion for summary judgment (Docket Entry No.3), to which petitioner
has filed a response.  (Docket Entry No.7).  After considering all of the pleadings and the entire
record, the Court will grant respondent's motion for summary judgment, and dismiss this habeas
petition.

I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted on a charge of capital murder in cause number 48501 in
March 2008, in the 268th District Court of Fort Bend County, Texas.  (Docket Entry No.4-49,
page 14).  The First Court of Appeals for the State of Texas summarized the facts giving rise to
this charge and the procedural history of the case, as follows, in pertinent part:

> Lara and two accomplices, Marwan Saeed and Kevin Cypher, planned and
> executed a robbery that led to the murder of Martha Fields.  Lara
> convinced a friend to rent a get-away van in which she drove Cypher and
> Saeed to survey the Fieldses' home.  She again drove them to the house on

1

the day of the robbery and murder.  Once inside the home, Cypher tied Fields to her refrigerator and Saeed stabbed her.

The State offered Lara and Cypher a plea bargain:  30 years' confinement in exchange for pleading guilty to the lesser-included offense of aggravated robbery.  Lara rejected the State's offer.  Cypher accepted it. The State rejected Lara's counter-offer for 25 years in exchange for a guilty plea.

A week later, Lara pleaded guilty to aggravated robbery without any agreed recommendation.  At the plea hearing, the trial court admonished Lara orally as well as in writing about the consequence of her guilty plea, and that it could consider the full range of punishment.

*Lara v. State*, No.01-09-00763-CR, 2010 WL 4484346 at *1 (Tex. App.—Houston [1st Dist.] 2010, no pet.); (Docket Entries No.4-49, pages 15-20; No.4-33, pages 2-4).  The state district judge in the 268th District Court of Fort Bend County, Texas found her to be competent and her plea to be voluntary and he accepted her plea.  (Docket Entry No.4-49, page 4).

The trial court ordered a presentence investigation (PSI) report and conducted a hearing before assessing punishment.  The State admitted the offense report and called witnesses who testified as to victim impact and Lara's disciplinary violations in prison for possession of medications, razor blades, and a watch.  Lara called family members and co-workers to testify to her good character.  Lara also called Texas Ranger David Maxwell to testify to her minimal involvement in the crime, in that she never entered the Fieldses' home.  Trooper Maxwell also testified as follows:

> The crime was actually put together by Marwan Saeed and Angela Lara . . . Angela was involved in the renting of the van that they used to commit the crime.  She was present during conversations about what they actually were going to do.  She was present during the entire planning and execution of the offence.

Trooper Maxwell further testified that Lara drove her accomplices to the Fieldses' home on two separate occasions and helped them get past security in the gated community.  After considering the PSI evidence, the trial court assessed punishment at 50 years' confinement.

> Lara filed a motion for new trial, challenging the voluntariness of her plea under Rules 21.3(b) and (h) of the Texas Rule of Appellate Procedure. . . . Defense counsel testified to Lara's surprise over the 50 year sentence and counsel's strategy for calling Trooper Maxwell to testify. Counsel testified that she fully reviewed the written admonishments with Lara and "grilled" her to ensure she understood the consequences of her plea. Counsel explained to Lara that the full range of punishment was available to the trial court. Counsel did not promise Lara any cap on punishment. Counsel testified that one of the State's attorneys told her he would only ask for 30 years' confinement as the plea papers were being prepared. The trial court denied Lara's motion for new trial, expressly finding Lara's plea to be given freely, intelligently, and voluntarily.

*Lara*, 2010 WL 4484346 at *1-2 (citations omitted); (Docket Entry No.4-49, page 22)(judgment).

On direct appeal, petitioner complained of the following: (1) her plea was involuntary because her trial counsel and the State led her to believe punishment would be capped at 30 years' confinement; and (2) she was denied the effective assistance of counsel because her attorney called a witness at the punishment hearing who could only testify negatively to her defense. *Id.* at *2-3. The state intermediate appellate court addressed each claim on the merits and affirmed the lower court's judgment of conviction. *Id.* at *3. Petitioner's appellate counsel's declined to file a petition for discretionary review ("PDR") but informed petitioner by letter that she could file her own PDR. Petitioner did not file a PDR. (Docket Entry No.1, page 6).

On November 10, 2011, petitioner filed, through counsel, a state habeas application in the state district court seeking habeas relief on the following grounds:

1. She did not receive the effective assistance of counsel on appeal because no PDR was filed, thereby waiving possible relief under 28 U.S.C. § 2254;

2. She did not receive the effective assistance of counsel on appeal because appellate counsel failed to raise a specific ineffectiveness

claim against trial counsel for failing to object to the admission of an offense report during the punishment hearing;

3.      She did not receive the effective assistance of counsel during the punishment hearing because counsel called a Texas Ranger as a defense witness, who testified to petitioner's significant role in the planning of the offense and providing transportation; and,

4.      She did not receive the effective assistance of counsel during the punishment stage of trial because an offense report was admitted into evidence.

(Docket Entry No.4-49, pages 39-42).  Petitioner's habeas counsel also filed a memorandum in support of the state habeas application.  (*Id.*, pages 46-66).  The state district court, sitting as a habeas court, designated the issues with respect to petitioner's ineffective assistance of counsel claims and ordered the attorneys to file affidavits with respect to such issues.  (Docket Entry No.4-51, pages 1-3).  Trial Attorneys Emily Detoto and Luis Garcia, and Appellate Attorney Barbara Drumheller filed affidavits as ordered.  (Docket Entry No.4-51, pages 10-14, 18-22).  The State submitted a supplemental answer and attached the affidavits of Attorneys Barbara Drumheller, Emily Detoto, and Luis Garcia and Prosecutors Fred Felcman and Mark Hanna, and Ranger David Maxwell, and a second affidavit of Attorney Luis Garcia.  (*Id.*, pages 24-42, 45-49, 51-52, 54-56, 67-68, 70, 72-73, 75-76).  The state habeas court entered findings of fact and conclusions of law and recommended that state habeas relief be denied.  (Docket Entries No.4-52, pages 28, 33-38).  On April 4, 2012, the Texas Court of Criminal Appeals denied the state habeas application without written order on findings of the trial court without a hearing.  (Docket Entry No.4-49, page 2).

The same day, petitioner filed the pending federal habeas petition through the same counsel who represented her in state habeas proceedings.  (Docket Entry No.1).  She seeks federal habeas relief on the following grounds:

1.   Petitioner was denied the effective assistance of counsel at trial because her trial counsel called a Texas Ranger as a defense witness, who testified that petitioner's role in the crime was significant, and because trial counsel failed to object to the admission of an offense report; and,

2.   She was denied the effective assistance of counsel on appeal because her appellate counsel failed to raise a point of error claiming that trial counsel was ineffective in failing to object to the admission of the offense report and failed to file a PDR or to inform petitioner of the procedural consequences of failing to file a PDR.

(*Id.*, page 4).  Petitioner requests an evidentiary hearing on the ineffective assistance of counsel claims relating to trial counsel or alternatively, an abatement of the present proceedings and an order directing the state district court to hold a hearing.  (*Id.*, page 11).

Respondent moves for summary judgment on the ground that petitioner has failed to meet her burden under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and has not shown her entitlement to an evidentiary hearing.  (Docket Entry No.3).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground

supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence. *See Harrington v. Richter*, – U.S. –, 131 S.Ct. 770, 787 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions"). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review. *Renico v. Lett*, – U.S. –, 130 S.Ct. 1855, 1862 (2010) (quotations omitted).

The AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] § 2254(d)(1) and (d)(2)." *Richter*, 131 S.Ct. at 784. As previously mentioned, the Court of Criminal Appeals adjudicated petitioner's claims on habeas review. This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins*, – U.S. –, 130 S.Ct. 2250, 2258 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Thus, the AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction. *Richter*, 131 S.Ct. at 786 (citation omitted); *see also Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S.Ct. at 786.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1399 (2011).  Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*, 131 S.Ct. at 1399, 1400.  Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*, 131 S.Ct. at 1400.

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

## III. DISCUSSION

### A. Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002).  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness.  *Ogan*, 297 F.3d at 360.  Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993).  Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 687-90.  A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Confidence in the outcome of the trial is undermined when

counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decisions on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner claims that trial counsel was ineffective in calling as a defense witness the Texas Ranger who testified to petitioner's major role in the planning and commission of the murder. (Docket Entry No.1). Petitioner complains that the intermediate state court of appeals did not squarely hold that calling Ranger Maxwell as a defense witness was an acceptable trial strategy but focused on the admission of the offense report as largely covering the same information. (Docket Entry No.1, page 8). Petitioner claims that the state habeas courts treated counsel's choice to call Ranger Maxwell as trial strategy based on counsel's discussions with Maxwell about the substance of his testimony and petitioner's involvement. (Docket Entry No.1, page 8). Petitioner notes that trial counsel did not attest that Ranger Maxwell changed his opinion. (*Id.*).

The state appellate court found that the record showed that "Trooper Maxwell's testimony was not the only evidence of Lara's involvement. The offense report demonstrated

Lara was chiefly responsible for renting the van, drove the get-away car, and took her accomplices to the Fields's home twice. Thus, Trooper Maxwell's negative testimony was cumulative of other evidence introduced at the sentencing hearing." *Lara*, 2010 WL 4484346 at *3. The state intermediate appellate court further found that petitioner failed to prove that the result of the sentencing hearing would have been different given the introduction of State's evidence "of the particular violence of the crime, Lara's lack of cooperation with law enforcement, and Lara's disciplinary violations while in prison." *Id.* at *4. Petitioner did not file a PDR, seeking relief from the Texas Court of Criminal Appeals on this issue.

When presented with the same issue in state habeas proceedings, the state habeas courts noted that petitioner had raised the ineffective assistance of counsel issue on direct appeal and had not pled nor proven facts showing that the appellate judgment "was subsequently rendered void, a subsequent change in the law was made retroactive, or additional evidence has been found."[1] (Docket Entry No.4-52, page 36). The state habeas courts entered a legal conclusion that such claim was not cognizable in state habeas proceedings because it was litigated on direct appeal. (*Id.*, page 37). The Texas Court of Criminal Appeals adopted this finding without written order by its denial of state habeas relief.

Petitioner does not address in the pending federal writ petition the state habeas courts' finding that her claim was not cognizable in state collateral proceedings. (Docket Entries No.1, No.7). Nor has she shown that the appellate court's holding of no prejudice was an unreasonable application of clearly established federal law.

Petitioner also claims that trial counsel was ineffective in failing to object to the admission of an offense report during the punishment hearing. (Docket Entry No.1). The state

---

[1] Under state law, a previously litigated issue is subject to collateral attack where the prior judgment is subsequently rendered void, or the Texas Court of Criminal Appeals has applied relief retroactively after a subsequent change in the law. *Ex parte Drake*, 883 S.W.2d 213, 215-16 (Tex. Crim. App. 1994).

habeas courts found that the admission of the offense report was a condition of the plea. (Docket Entry No.4-52, page 36). The state habeas courts further found that based on counsels' affidavits that "trial counsel made a strategic decision not to object to the admission of the offense report to avoid testimony from witnesses 'who would provide not only emotional, but very damning and overwhelming evidence of Ms. Lara's involvement and guilt in this case.'" (*Id.*). The state habeas courts found that trial counsel's strategy was to eliminate the emotional nature of testimony and reduce it to a sterile report read by the state district judge. (*Id.*). The state habeas court further noted that the PSI included portions of the offense report showing co-defendant Cypher's statements to law enforcement. (*Id.*). The state habeas courts entered legal conclusions that trial counsel may have a sound strategy for not objecting to the admission of an offense report and that petitioner failed to prove that counsel's performance was deficient or prejudicial. (*Id.*, pages 37-38).

Petitioner does not address the finding that the admission of the offense report was a condition of the plea. Nor does petitioner cite to any legal authority in support of her claim. (Docket Entries No.1, No.7). Without a showing of how these alleged errors were constitutionally deficient and how they prejudiced her rights, the Court can find no merit in petitioner's claims of ineffective assistance of trial counsel.

## B. Appellate Counsel

An accused is constitutionally entitled to effective assistance of counsel on direct appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387 (1985). Claims of ineffective assistance of counsel are determined by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Murray*, 477 U.S. 527 (1986). To establish that appellate counsel's performance was deficient in the context of an appeal, petitioner must first show that his attorney

was objectively unreasonable in failing to find arguable issues to appeal, *i.e.*, counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Petitioner must then demonstrate that he was actually prejudiced by his counsel's errors. *Id.* at 285-286; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). To establish actual prejudice, petitioner must show a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on appeal." *Robbins*, 528 U.S. at 285.

With respect to petitioner's claim that her appellate counsel was ineffective because she did not raise a point of error addressing trial counsel's failure to inform petitioner of the procedural consequences of failing to file a PDR, the state habeas courts found that petitioner had not pled nor proven a duty under state law requiring appellate counsel to advice petitioner of the consequences of the same and that petitioner admitted in her memorandum of law that no such duty exists. (Docket Entry No.4-52, page 34). The state habeas courts further found that petitioner failed to plead or prove that any other jurisdiction requires appellate counsel to advise the appellate of such consequences. (*Id.*).

Citing to state and federal law, the state habeas courts entered conclusions of law that petitioner "had no constitutional right to be advised of the prerequisites for challenging her conviction pursuant to 28 U.S.C. § 2254" and even if she did, petitioner failed to plead or prove prejudice by her appellate counsel's failure to advise her of the need to file a PDR. (*Id.*, page 37).

Although she raises arguments regarding the necessity for filing a PDR in her response to the motion for summary judgment, petitioner cites to no clearly established federal law requiring appellate counsel to advise a client of the need to file a PDR or to advise his or her client of the requirements for filing a federal habeas petition. (Docket Entries No.1, No.7).

Petitioner's appellate counsel attested in her affidavit that she did not raise the issue of ineffective assistance of counsel concerning the admission of the offense report because her strategy was to choose issues more likely to result in a reversal in the court of appeals. (Docket Entry No.4-51, page 48).  Appellate counsel noted that trial counsel's strategy was to show petitioner's comparative lesser involvement than her co-defendants in the crime and to appear to cooperate with the court and prosecutors without giving away more details.  (*Id.*).  She indicated that allowing introduction of the offense report comported with her trial strategy.  (*Id.*).

The state habeas courts found the following, in pertinent part:

22.   The presentence investigation report (PSI) included the portion of the offense report reflecting the statements of Kevin Cypher and other witnesses regarding Applicant's participation in this case.

23.   Numerous witnesses are reflected in the offense report attached to the PSI.

24.   Based on the credible affidavit of Mr. Garcia, Applicant told trial counsel about her role in planning and plotting the robbery, including asking another individual to join in the robbery, who declined to participate.

25.   Based on the credible affidavit of Mr. Garcia, this individual turned into a State's witness and could have testified to detailed information about Applicant's role and involvement.

26.   Based on the credible affidavit of Ms. Detoto, trial counsel's strategy was "to take away the emotional nature of the testimony and have the Judge read the report in a more 'sterile' manner."

27.   Trial counsels' performance was grounded in sound trial strategy and was not deficient.

28.   Based on the credible affidavit of Assistant District Attorney Fred M. Felcman, the admission of the offense report was a condition of the guilty plea to a lesser included offense.

29.   Because counsels' performance was not deficient, an ineffective assistance of counsel claim based on the failure of trial counsel to object to the offense report does not have indisputable merit under

well-settled law and would not necessarily result in reversible
error.

(Docket Entry No.4-52, page 35).  The record supports the state habeas court's findings.  (Docket
Entry No.4-51, pages 68, 75).

    The state habeas courts also entered conclusions of law that petitioner failed to
prove that appellate counsel's was deficient or prejudicial.  (Docket Entry No.4-52, page 37).
Without reference to citation, petitioner contends that under the Texas Rules of Evidence, the
offense report was inadmissible.  (Docket Entry No.1, page 6).  She proffers no other facts and
no citations to the record with respect to this claim.  (*Id*., pages 6-7).  In her response to the
summary judgment motion, petitioner cites to Rule 803(8) of the Texas Rules of Evidence, but
fails to rebut findings that the admission of the offense report was a condition of the guilty plea
to a lesser included offense or trial counsel's strategy was "to take away the emotional nature of
the testimony." (Docket Entries No.4-51, pages 68, 75; No.45-2, page 35).

    Without a showing of how these alleged errors were constitutionally deficient and
how they prejudiced petitioner's rights, the Court can find no merit in petitioner's claims of
ineffective assistance of appellate counsel.

## C. Conclusory Allegations

    Respondent contends that petitioner's counsel did not file a memorandum in
support of the habeas petition and that he did not support petitioner's four ineffective assistance
of counsel claims with federal authority or citation to the record.  (Docket Entry No.3 page 10).
He contends that petitioner's ineffective-assistance of counsel claims, therefore, are conclusory
and subject to dismissal.  (*Id.*).

    Petitioner's habeas counsel concedes that his arguments in petitioner's federal
habeas petition are conclusory.  (Docket Entry No.7, page 7, n.3).  He notes that he "came into the

proceedings very late in the game" and that he filed the present petition on the very last day possible to avoid the time bar for Section 2254.  (*Id.*).  Counsel further notes that he submitted a lengthy memorandum of law in state habeas proceedings.[2]  (*Id.*, pages 7-8, n.3).

In this case, petitioner's conclusory statements and occasional citations to legal authority are insufficient to merit federal habeas relief.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (finding conclusory allegations do not raise constitutional issue in federal habeas proceeding).  Without evidence in the record, the Court cannot consider a habeas petitioners' unsupported assertions on a critical issue to be of probative evidentiary value.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  Petitioner's arguments do not overcome the presumption of correctness to which the state court's findings are entitled.  *See Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is not whether [petitioner made a showing under *Strickland*, but] . . . whether the state court's decision-that [the petitioner] did not make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim").  Accordingly, all of petitioner's ineffective-assistance-of-counsel claims are subject to dismissal.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (finding that "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal").

Respondent is entitled to summary judgment.

<u>III. CERTIFICATE OF APPEALABILITY</u>

---

[2] The Court observes that petitioner had approximately thirty days from entry of the denial of her state habeas application to file a timely federal habeas petition.  The Court also notes that petitioner's habeas counsel represented petitioner in state habeas proceedings; therefore, he was well aware of the facts and arguments in this case.

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state proceedings, the Court ORDERS the following:

1. Petitioner's request for an evidentiary hearing (Docket Entry No.1) is DENIED.  Petitioner fails to show that she was unable to fully develop the factual basis of her claims in state court or that she has met the requirements that would entitle her to a hearing.  *See* 28 U.S.C. § 1154(e)(2).

2.      Respondent's Motion for Summary Judgment (Docket Entry No.3) is GRANTED.

3.      Petitioner's petition for federal habeas relief is DENIED.

4.      A certificate of appealability is DENIED.

5.      All other pending motions are DENIED.

6.      This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 20th day of February, 2013.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE